# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DENISE FULEIHAN,<br><br>    Plaintiff(s),<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendant(s). | 2:13-CV-1145 JCM (NJK) |

### ORDER

Presently before the court is pro se plaintiff Denise Fuleihan's ex parte motion for a temporary restraining order. (Doc. # 19).

In the short history of this mortgage-foreclosure related case, plaintiff has already sought injunctive relief via ex parte motions for temporary restraining orders on two occasions. (See docs. ## 7 & 10). The court denied each motion.

Undeterred, plaintiff has filed a third ex parte motion for a temporary restraining order. The result is the same. Plaintiff has filed a variation of a form motion. There are scant specific facts in plaintiff's form motion. This is plaintiff's third form motion filed in this case.

Plaintiff makes the same arguments that the court has already denied on two occasions. Plaintiff asserts that the alleged securitization of her note and deed of trust voids her obligations to the bank such that she can remain in her house for free. This motion is effectively a second motion for reconsideration. Plaintiff is cautioned that she could be subject to sanctions for repeatedly filing

**James C. Mahan**
**U.S. District Judge**

1 frivolous motions for a temporary restraining order and making the same arguments over and over
2 to the court via a form complaint.
3   In this court's last order it held:

4   "The majority position is that plaintiffs lack standing to challenge noncompliance with a [pooling service agreement] in securitization unless they are parties to the PSA or third party beneficiaries of the PSA." *Baldoza v. Bank of America, N.A.*, no. C-12-05966-JCS, 2013 WL 978268, at *10 (N.D. Cal. March 12, 2013). This court follows the majority approach. *See Beebe v. Fed. Nat'l Mortg. Ass'n*, no. 13-cv-311-JCM-GWF, 2013 WL 3109787, *2 (D. Nev. June 18, 2013) ("Since the securitization merely creates a separate contract, distinct from plaintiffs' debt obligations under the note and does not change the relationship of the parties in any way, plaintiffs' claims arising out of the securitization fail.").

9 (Doc. # 10). This remains true and the court again declines to grant a temporary restraining order
10 based upon plaintiff's securitization theory.
11   Additionally, this is plaintiff's third motion filed ex parte. Local rule 7-5(b) requires that all
12 ex parte motions shall contain a statement showing good cause why the matter was submitted to the
13 court without notice to all parties. Plaintiff has failed in each of her three motions seeking a
14 temporary restraining order to inform the court why the matter should be submitted to the court
15 without notice to all parties. The court now finds good cause to provide notice to the defendant so
16 that the defendant may view the motion. Additionally, plaintiff has filed the exact same motion as
17 a preliminary injunction, again ex parte. (See doc. # 20). The court likewise finds good cause to
18 provide notice to the defendant so that the defendant may view the motion and properly respond.
19   Accordingly,
20   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's ex parte motion
21 for a temporary restraining order (doc. # 19) be, and the same hereby, is DENIED.
22   IT IS FURTHER ORDERED that the clerk of the court shall provide notice to defendant of
23 plaintiff's ex parte motion for a temporary restraining order (doc. # 19).
24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED that the clerk of the court shall provide notice to defendant of
2  plaintiff's ex parte motion for a preliminary injunction (doc. # 20).
3  DATED August 14, 2013.

_____
UNITED STATES DISTRICT JUDGE