# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENISE FULEIHAN,

    Plaintiff(s),

v.

WELLS FARGO BANK, N.A., et al.,

    Defendant(s).

2:13-CV-1145 JCM (NJK)

## ORDER

Presently before the court is defendants Wells Fargo Bank, N.A.'s ("Wells Fargo"), U.S. Bank's, and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss. (Doc. # 22). Defendant National Default Servicing Corporation ("NDSC") has joined in the motion to dismiss. (Doc. # 39). Plaintiff Denise Fuleihan, acting *pro se*, has filed a response (doc. # 28) and defendants have filed a reply (doc. # 32).

Also before the court is plaintiff's (third) motion for a preliminary injunction. (Doc. # 20). Defendants have filed a response in opposition. (Doc. # 31).

Also before the court is plaintiff's motion for summary judgment. (Doc. # 44). Defendants filed an emergency motion to stay briefing on plaintiff's motion for summary judgment pending resolution of the motion to dismiss. (Doc. # 46). This court granted defendants' emergency motion. (Doc. # 47).

Also before the court is plaintiff's emergency motion for a hearing on defendants' motion

**James C. Mahan**
**U.S. District Judge**

1  to dismiss. (Doc. # 49).

2  Finally before the court is plaintiff's emergency motion for district judge to reconsider its
3  minute order granting defendants' motion to stay briefing. (Doc. # 50).

4  **I. Background**

5  This is a mortgage and foreclosure related lawsuit. Plaintiff, acting *pro se*, has filed a
6  complaint against defendants Wells Fargo, U.S. Bank, NDSC, and MERS alleging the following five
7  causes of action: (1) deceptive trade practices pursuant to NRS chapter 598 et seq.; (2) negligence;
8  (3) fraud by concealment; (4) quasi contract; and, (5) declaratory relief.

9  This is the third lawsuit in a series filed by this plaintiff in relation to the property located at
10 209 Royal Aberdeen Way, Las Vegas, Nevada 89144 (APN 137-36-514-054) (hereinafter "the
11 property").

12 Plaintiff purchased the property in March 2001. In 2006, plaintiff refinanced the property
13 through a loan from non-party Fremont Investment and Loan ("Fremont") in the amount of
14 approximately $800,000. The loan was secured by a deed of trust recorded on May 2, 2006.

15 Plaintiff admits that she stopped making her mortgage payments in early 2009 when she
16 noticed "irregularities" in the terms of her note and deed of trust. (Compl. at ¶¶ 14-15). On May 14,
17 2009, Wells Fargo filed a notice of default and election to sell. On August 17, 2009, Wells Fargo
18 recorded a notice of trustee sale.

19 Between 2009 and present, plaintiff has been engaged in litigation (initiated by her) revolving
20 around the foreclosure of the property.

21 *A. "2009 action"*

22 On August 26, 2009, plaintiff filed a complaint in Nevada state court against, among others,
23 the defendants in the instant action, Wells Fargo, U.S. Bank, and MERS. *See Fuleihan v. Wells*
24 *Fargo Bank, N.A.,* 2:09-CV-01877-RAJ-PAL. That complaint was removed to this court on
25 September 24, 2009 (hereinafter the "2009 action").

26 In the 2009 action, plaintiff alleged violations of the Real Estate Settlement and Procedures
27 Act ("RESPA"), the Truth in Lending Act ("TILA"), unfair lending practices, quiet title, and

28

requested rescission and declaratory relief. The allegations were rooted in the securitization of her loan, the split of the note and deed of trust, and various assignments of the interest in the note.

The court held that plaintiff's RESP. and TILA claims relating to the May 2006 loan transaction were time barred. (*Id.*, doc. # 51 at 5). The court dismissed plaintiff's claims for rescission and declaratory relief, finding plaintiff's argument that Wells Fargo had no standing to foreclose was not supported by law. (*Id.*, doc. # 51 at 9). Finally, the court dismissed plaintiff's unfair lending practices claim against Wells Fargo, finding it was not the lender of the subject loan. (*Id.*, doc. # 51 at 10).

Plaintiff filed an amended complaint essentially re-alleging the same four causes of action and claiming to rely on newly discovered evidence. (*Id.*, doc. # 52). In addition, she included two new claims for quiet title and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (*Id.*, doc # 52). The court again found plaintiff's complaint to be without merit, dismissed it, and denied her second request to amend the complaint. (*Id.,* doc. # 109).

Plaintiff then filed a notice of appeal. (*Id.*, doc. # 112). While her appeal was pending before the Ninth Circuit, plaintiff filed a motion to vacate the ruling in this court.[1] (*Id.*, doc. # 116). This court denied the motion to vacate. (*Id.*, doc. # 122). Subsequently, the Ninth Circuit affirmed the dismissal and grant of summary judgment in defendants' favor. (*Id.*, doc. # 123). Plaintiff filed a petition in the Ninth Circuit requesting a rehearing en banc, which was denied. (*Id.*, doc. # 125).

*B. "2011 action"*

On May 11, 2011, plaintiff filed for chapter 13 bankruptcy. *See In re Denise Fuleihan*, case no. BKS-11-17331-BAM (Bankr. D. Nev. 2011) (hereinafter the "2011 action"). In those proceedings, plaintiff again challenged the assignment of the interest in the note and deed of trust from Fremont to US Bank, alleged that Wells Fargo and MERS had no standing to foreclose, and relied on the failed legal theory that splitting the note and deed of trust rendered the foreclosure

---

[1] Plaintiff argued the judgment should be vacated because she had "newly discovered evidence" in the form of an "expert opinion from a well-known expert of securitized mortgage trusts, named Neil Garfield." According to plaintiff, that opinion "show[ed] that the court erred in granting the defendant's motions to dismiss the plaintiff's first amended complaint. This expert opinion show[ed] that the assumptions made by the court in granting the motions to dismiss were erroneous. Based on this new evidence the dismissal should [have been] vacated." (*Id.*, doc. # 116, ¶ 17).

James C. Mahan
U.S. District Judge

- 3 -

1  proceedings invalid. (*Id.*, doc. # 82). She again relied on the opinion of Neil Garfield. (*See id.*).

2  The bankruptcy judge entered summary judgment in favor of US Bank and Wells Fargo, holding "[t]he Debtor is further barred from raising any claims already adjudicated in the Federal District Court, Case No. 2:09-CV-01877-RAJ-PAL, as well as any claims that could have been raised pursuant to the doctrines of Res Judicata and Claim Preclusion." (*Id.*, doc. # 266).

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

James C. Mahan
U.S. District Judge

- 4 -

**III. Discussion**

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986)

*A. Emergency motion for a hearing (doc. # 49).*

Plaintiff has filed an emergency motion requesting a hearing on defendants' motion to dismiss. Plaintiff's lone argument in support claims, in its entirety, that "[t]he issues are complex and should be heard in open court." (Doc. # 49, p. 2). Upon review of the motion to dismiss, the response, and the reply, the court finds that oral argument would not aid in the resolution of the motion and that a hearing is unnecessary. *See* LR 78-2 ("All motions may, in the Court's discretion, be considered with or without a hearing."). Plaintiff's emergency motion for a hearing is denied.

*B. Emergency motion for reconsideration (doc. # 50).*

Plaintiff has filed an emergency motion requesting that the court reconsider its minute order (doc. # 47) staying briefing on plaintiff's motion for summary judgment. The court ordered briefing be stayed until resolution of defendants' motion to dismiss. Because this order grants the motion to dismiss, briefing on plaintiff's motion for summary judgment is, obviously, unnecessary. Plaintiff's emergency motion for reconsideration is denied.

*C. Motion to dismiss (doc. # 22).*

Plaintiff asserts that her claims are separate and distinct from those previously litigated, and that she has uncovered new evidence that entitles her to relief. Defendants respond that the instant claims are the same as those previously litigated or, alternatively, are claims that could have been asserted in the prior actions. Because they were not, defendants argue, the instant claims are barred by res judicata, and the complaint must be dismissed.

James C. Mahan
U.S. District Judge

- 5 -

1    The doctrine of res judicata bars a party from bringing a claim if a court of competent
2 jurisdiction has rendered final judgment on the merits of the claim in a previous action involving the
3 same parties or their privies. *In re Jenson*, 980 F.2d 1254, 1256 (9th Cir. 1992). The doctrine is
4 intended to "insure[] the finality of decisions, conserve[] judicial resources, and protect[] litigants
5 from multiple lawsuits." *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986) (citing
6 *Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754 F.2d 1524, 1528-29 (9th Cir. 1985)).

7    "The concept of res judicata embraces two doctrines, claim preclusion and issue preclusion
8 (or collateral estoppel), that bar, respectively, a subsequent action or the subsequent litigation of a
9 particular issue because of the adjudication of a prior action." *McClain*, 793 F.2d at 1033. Of
10 particular importance here, "claim preclusion bars all grounds for recovery *which could have been*
11 *asserted, whether they were or not*, in a prior suit between the parties. . ." *Id.* (quoting *Ross v. Int'l*
12 *Bhd. Of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980))(emphasis added). Res judicata's bar
13 against all grounds for recovery which could have been asserted in a prior action involving the same
14 parties also applies to matters decided in bankruptcy. *See Siegel v. Federal Home Loan Mortg.*
15 *Corp.*, 143 F.3d 525 (9th Cir. 1998).

16    Although plaintiff admits that she has pled "similar allegations. . .before," she claims they
17 are "now pled with new information that [she] only recently discovered." (Doc. # 28 at 2). Plaintiff's
18 allegations in the instant action can be summarized as follows: her note and deed of trust were
19 improperly split, the assignment of the note was invalid, the securitization of the note was improper,
20 the defendants do not have a valid interest in the note, and defendants do not have standing to
21 foreclose on the property. (*See generally* compl., doc. # 1). It is important to highlight that the
22 complaint relies almost entirely on the same set of operative facts relied on in the 2009 and 2011
23 actions; in particular, the 2006 refinancing of the loan through Fremont, and the 2009 assignment
24 of the note.[2] Thus, the instant claims involve infringements of the same rights, and arise out of the

---

[2] To the extent the complaint contains claims relating to alleged violations of the 2011 consent decree between Wells Fargo and the United States Department of Treasury, Comptroller of the Currency, the consent decree is merely a stipulation between those parties and does not provide a private right of enforcement. Plaintiff has no standing to bring claims related to it.

**James C. Mahan**
**U.S. District Judge**

- 6 -

1   same "transactional nucleus of facts." *See Nordhorn v. Ladish Co. Inc.*, 9 F.3d 1402 (9th Cir.
2   1993)(discussing how to determine whether multiple claims are the same for purposes of res
3   judicata). Accordingly, there can be no question that res judicata applies to the instant claims.

4       In an attempt to avoid res judicata's bar, plaintiff argues her claims fall within the doctrine's
5   fraud exception. A party may avoid res judicata only where the fraud is extrinsic or collateral to the
6   matters involved in the action. *Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1384 (9th Cir.
7   1978)(citing *Pico v. Cohn*, 91 Cal. 129 (1891)). "In order to be considered extrinsic fraud, the
8   alleged fraud must be such that it prevents a party from having an opportunity to present his claim
9   or defense in court, or deprives a party of his right to a day in court." *Green*, 557 F.2d at 1384
10  (internal citations and quotations omitted). "The basic requirement for invoking the extrinsic fraud
11  exception is that there has been no fair adversary trial at law, either because the aggrieved party was
12  kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from
13  presenting his claim or defense." *In re Lake*, 202 B.R. 751, 758 (9th Cir. BAP 1996)(citing *U.S. v.*
14  *Throckmorton*, 98 U.S. 61, 65 (1878)).

15      As defendants point out, plaintiff was not "kept in ignorance of the action or proceeding,"–
16  she initiated the 2009 and 2011 actions herself. It also cannot be said that plaintiff has been
17  "fraudulently prevented from presenting her claims." Indeed, plaintiff's allegations of fraud are
18  simply reiterations of her 2009, 2011, and instant claims challenging the 2006 split of the note and
19  deed of trust as a "fraudulent" transaction. (*See* opposition, doc. # 28 at 3-4). The fraud and
20  misrepresentation that plaintiff complains of goes to the very heart of the issues litigated in the
21  previous actions, i.e., Wells Fargo's "fraudulent" initiation of foreclosure proceedings. In short, the
22  alleged "fraud" is not extrinsic, and does not exempt plaintiff's instant claims from res judicata.

23  **IV.  Conclusion**

24      This is plaintiff's third attempt to take a bite of the apple. She has previously litigated these
25  claims, and lost, on two separate occasions. To the extent the instant claims differ from those
26  alleged in the 2009 and 2011 actions, they are claims that could have been asserted previously. They
27  were not. The result is that the instant claims are barred by res judicata, and the court must grant
28

**James C. Mahan**
**U.S. District Judge**

- 7 -

defendants' motion to dismiss. All remaining pending motions are denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's emergency motion for a hearing on defendants' motion to dismiss (doc. # 49) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's emergency motion for district judge to reconsider its minute order (doc. # 50) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (doc. # 22) be, and the same hereby is, GRANTED with prejudice. All remaining motions are denied. The clerk shall enter judgment accordingly and close the case.

DATED December 6, 2013.

*[signature: James C. Mahan]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**