UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENISE FULEIHAN, | Case No. 2:13-CV-1145 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendant(s). | |

Presently before the court is defendants Wells Fargo Bank, N.A., U.S. Bank as trustee for Societe Generale Mortgage Securities Trust Series 2006-FRE2, and Mortgage Electronic Registration Systems, Inc.'s motion for release of *lis pendens*. (ECF No. 58). *Pro se* plaintiff Denise Fuleihan filed a response (ECF No. 60), and defendants filed a reply. (ECF No. 61).

This matter centers on a mortgage foreclosure dispute. Plaintiff has filed actions in several courts across a span of more than five years to stall defendants' attempts to foreclose on her property. Here, she brought claims for allegedly deceptive trade practices, negligence, and fraud by concealment, amongst others. (*See* ECF No. 1). The court dismissed all of plaintiff's claims after it found that they were barred by *res judicata*. (*See* ECF No. 52). At that time, the court did not expunge the *lis pendens* recorded by plaintiff at the outset of the case. (*Id.*)

Plaintiff subsequently filed a notice of appeal. (ECF No. 54). That appeal is currently pending before the United States Court of Appeals for the Ninth Circuit. Plaintiff has filed two motions to stay or enjoin defendants' foreclosure in the appeal case. Both motions were summarily denied, and defendants foreclosed on the property. (*See* ECF Nos. 56, 57). Defendants now ask that this court release or cancel the *lis pendens* associated with this case. (ECF No. 58).

**James C. Mahan**
**U.S. District Judge**

Defendants argue that the *lis pendens* should be expunged because the court has dismissed all of plaintiff's causes of action for failure to state a claim. (ECF No. 58). In response, plaintiff contends that expunction is improper because his appeal is pending. (ECF No. 60).

Nevada Revised Statute 14.010(2) states that "[a] notice of an action affecting real property, which is pending in any United States District Court for the District of Nevada may be recorded and indexed in the same manner and in the same place as provided with respect to actions pending in courts of this state." NRS 14.010(2).

A party recording a notice must establish that he is likely to prevail in the action or that he has a fair chance of success on the merits. NRS 14.015(3)(a) and (b). The court must order cancellation of the *lis pendens* upon finding that the party who recorded it has failed to meet the requirements set forth in that section. NRS 14.015.

However, when a case has been appealed, the district court is generally divested of jurisdiction over any aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Habon v. Mortg. Elec. Reg. Sys., Inc.*, No. 3:10-cv-191-RCJ-VPC, 2012 WL 5944892, at *3 (D. Nev. Nov. 26, 2012) (denying, without prejudice, motion to expunge *lis pendens* in a similar case for lack of jurisdiction).

"That rule of exclusive appellate jurisdiction is a creature of judicial prudence, however, and is not absolute." *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) (citing *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir.1976). "It is designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously." *Id.* (citing 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11 at 3–44 n. 1 (2d ed. 1983). District courts retain jurisdiction to "to act to preserve the status quo." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted).

Defendants argue that this court retains jurisdiction over the *lis pendens* in this matter because it "can no longer be maintained on the [p]roperty as the case has been dismissed." (ECF No. 58 at 5). Thus, they assert that expunging the *lis pendens* maintains the status quo. Plaintiff maintains that the court is without jurisdiction.

**James C. Mahan**
**U.S. District Judge**

- 2 -

At the time that the notice of appeal was filed, the court had not addressed plaintiff's maintenance of the *lis pendens*. (*See* ECF No. 54). The notice of the pendency of the action was thus in full effect. That being the case, preservation of the status quo at the time of the appeal requires *preservation* of the *lis pendens*, not cancellation.

Furthermore, the rule of exclusive appellate jurisdiction exists to "avoid the confusion and inefficiency of two courts considering the same issues simultaneously." *Masalosalo*, 718 F.2d at 956. While the *lis pendens* in this case is not a direct issue on appeal, the propriety of its maintenance depends on the appeal court's resolution of the case. If the Ninth Circuit panel reverses or otherwise upsets this court's order dismissing plaintiff's claims, an action "affecting the title or possession of real property" will again be pending. *See* NRS 14.015.

This court's exercise of jurisdiction over the notice of action could therefore result in both confusion and inefficiency. This is the type of situation the rule of exclusive appellate jurisdiction exists to prevent. The court will not therefore exercise jurisdiction over the *lis pendens*. Defendants' motion is denied without prejudice to refiling after a final adjudication of plaintiff's appeal.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Wells Fargo Bank, N.A., U.S. Bank as trustee for Societe Generale Mortgage Securities Trust Series 2006-FRE2, and Mortgage Electronic Registration Systems, Inc.'s motion for release of *lis pendens* (ECF No. 58) be, and the same hereby is, DENIED without prejudice.

DATED June 22, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**